UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Case No. 11-45867-ESS |
| | : | Chapter 7 |
| USA UNITED FLEET, INC. a/k/a | : | Judge Elizabeth S. Stong |
| SHORELINE FLEET, INC., *et al.,* | : | |
| | : | |
| *Debtors.* | : | |

---------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| RICHARD J. MCCORD, CHAPTER 7 | : | |
| TRUSTEE FOR USA UNITED | : | Adv. Proc. No. 1-17-01084-ess |
| FLEET INC, *et al.,* and | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| *v.* | : | |
| | : | |
| MV TRANSPORTATION, INC., and | : | |
| RELIANT TRANSPORTATION, INC., | : | |
| | : | |
| *Defendants.* | : | |

---------------------------------------------------------x

**UNITED STATES' MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

The United States moves for sanctions under 28 U.S.C. § 1927 against counsel for adversary defendants MV Transportation, Inc. and Reliant Transportation, Inc. ("MV Transportation") for unreasonably and vexatiously multiplying the proceedings before this Court through frivolously filing – and refusing to withdraw – MV Transportation's facially deficient and patently meritless counterclaim in this adversary proceeding. The essence of MV Transportation's counterclaim appears to be that, because the Trustee did not provide proper notice of a Rule 6004(c) hearing to the United States, MV Transportation will suffer "damages" if it now has to pay what it promised to pay to the IRS in the Sale Agreement approved by the Court at that hearing. That cannot constitute damages in a breach of contract claim. And the

1

agreement under which MV Transportation seeks relief expressly bars any claim for damages based on such pre-closing events.

By tendering this counterclaim, MV Transportation already has caused the Trustee to unnecessarily expend the Estate's resources, and the continued prosecution of the facially-invalid cause of action will result in the further expenditure of funds for Trustee's attorney's fees that would otherwise go to the United States as a creditor of the Estate holding a very large unsecured priority tax claim. In this regard, the United States is not seeking its own costs, expenses, and attorney's fees caused by the vexatious counterclaim. However, the government (and hence the public fisc) is suffering very real damages due to defendants' causing the Trustee to incur wasteful litigation expenses that will be borne for the most part by the IRS in the form of a smaller recovery on its priority tax claim.[1]

By its own publicly-announced estimate, MV Transportation received from the Estate assets valued at over $75 million in revenue in exchange for $9 million and the assumption of an additional $1 million of the Debtors' federal tax liabilities. MV Transportation has sought to enforce the Asset Purchase Agreement ("APA") in order to shield itself from the Estate's creditors, but steadfastly refuses to honor the terms of the Court-approved APA. MV Transportation now seeks to extract additional value out of the Estate – in the nature of attorney's fees – through the filing and maintenance of a facially deficient and utterly meritless counterclaim. The Court should not countenance such conduct.

---

[1] The priority federal tax claim vastly exceeds the $1 million of federal tax liens assumed by MV Transportation. The IRS's amended proofs of claim filed in this consolidated bankruptcy case include priority claims for over $106 million. And the Trustee is holding less than $1 million, which obviously is not sufficient to fully pay priority claims.

**Background**

*MV Transportation "Purchases USA United Fleet Inc."*

On August 10, 2011, the Trustee filed a motion on shortened notice for an order (1) approving sale procedures; (ii) approving the APA between the Trustee and MV Transportation regarding the sale of substantially all of the Debtors' assets and the assumption of certain liabilities, pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 6004 and 6006. *See In re USA United Fleet, Inc.* No. 11-45867-ESS, Doc. No. 101 (the "Sale Motion"). The Sale Motion, which sought authority to sell property free and clear of liens or other interests, was not mailed to or otherwise served upon the civil process clerk at the office of the United States attorney for the Eastern District of New York, or the Attorney General of the United States at Washington, District of Columbia, as is required by Fed. R. Bankr. P. §§ 6004(c), 9014(b), and 7004(b)(4).

The Sale Motion sought approval of the APA, under which the Trustee would sell substantially all of the Debtors' assets to MV Transportation for $9 million and MV Transportation's agreement to "assume and have sole responsibility for" certain Assumed Liabilities set forth in the APA. *See* Doc. No. 17-2 at 6; Doc. No. 17-3 at 2 ("The buyer hereby assumes and agrees to perform, pay and discharge the Assumed Liabilities.")

Pursuant to Article I, Section 1.1 of the APA, "Assumed Liabilities" was defined to mean:

> (1) the tax lien liabilities of the Sellers to the Internal Revenue Service ("IRS") relating to the tax liens identified immediately below in an amount not to exceed $1,000,000. If the total tax liens exceed $1,000,000, the assumed amount will be applied first to unpaid taxes, then interest, and then penalties.

| Date | Type of Loan | Where | Filed Amount |
|---|---|---|---|
| 9/12/07 | Federal Tax Liens | State of New York | $509,329 |
| 3/17/08 | Federal Tax Liens | State of New York | $235,605 |
| 8/19/08 | Federal Tax Liens | State of New York | $33,950 |
| 8/23/10 | Federal Tax Liens | State of New York | $258,639 |

(2) the Allowed Union and Funds Cure Claims, but only to the extent that the Allowed Union and Funds Cure Claims exceed the Allowed DOE Receivable.

Doc. No. 17-2 at 3.

On August 15, 2011, the Court held a hearing on the Sale Motion. Andrew Goldman, Esq. of Wilmer Cutler Pickering Hale and Dorr LLP attended the hearing on behalf of MV Transportation. During the hearing, Mr. Goldman stated "we're assuming one million dollars – up to one million dollars of IRS tax liability," *see In re USA United Fleet, Inc.,* Doc. No. 153 at 26, and represented to the Court that MV was "in a position to honor all our obligations to the trustee with respect to credits and assumption liabilities[,]" *id.* at 28. On the same day, the Court granted the Sale Motion, and granted the Trustee power to sell substantially all the assets of the Debtors to MV Transportation. *See In re USA United Fleet, Inc.*, Doc. No. 140 (the "Sale Order").

On August 16, 2011, MV Transportation issued a press release under the title "MV Transportation Purchases USA United Fleet Inc." announcing the asset purchase and stating that "MV's student transportation subsidiary, Reliant Transportation, Inc. assumed the existing bus fleet and four New York City Department of Education operation and maintenance contracts." The press release states that the transaction was "valued at over $75 million in revenue, marked the largest acquisition in the company's 36 year history and made MV/Reliant Transportation one of the largest school bus operators in New York City." Doc. No. 1 at ¶ 19.

*MV Transportation Obtains Court Enforcement the APA*

MV Transportation has appeared before this Court to enforce the August 15, 2011 Order, successfully preventing the New York Department of Labor from taking certain actions which MV Transportation believed violated the Sale Order. *See In re USA United Fleet, Ltd.*, Doc. No. 359. In its January 28, 2013 enforcement motion, Reliant stated that, "Pursuant to the APA, Reliant assumed only a very narrow and limited set of liabilities. The only tax liabilities it assumed were limited to specific and capped liabilities to the IRS." *Id*. at 5. But MV Transportation did not take any steps to perform, pay and discharge the Assumed Liabilities.

*MV Transportation Refuses to Perform, Pay and Discharge the Assumed Liabilities*

On September 1, 2016, the Trustee filed a motion seeking an order directing the IRS to release the federal tax liens assumed by MV Transportation under the APA. *Id.*, Doc. No. 757. The United States and the Trustee, in turn, demanded that MV Transportation immediately pay the $1 million that it had assumed under the APA so that the lien amounts were satisfied. *See* Doc. No. 1 at ¶¶ 32-36. MV Transportation refused to pay the $1 million that it had assumed in exchange for the multi-million dollar assets of the Estate. *Id.* Accordingly, the Trustee and the United States filed this adversary proceeding against MV Transportation, seeking (1) an order directing MV Transportation to pay $1 million, plus interest on that sum, directly to the United States forthwith; or, in the alternative, (2) for a money judgment in favor of the United States in the sum of $1 million plus interest, or, in the further alternative (and only by the United States), (3) to establish that the federal tax liens remain on the assets sold pursuant to the APA. *See* Doc. No. 1.

*MV Transportation Files a Deficient and Meritless Counterclaim*

Now, faced with the prospect of having to honor its agreement to "assume and have sole responsibility for" the Assumed Liabilities set forth in the APA, MV Transportation has filed a counterclaim against the Trustee. The Counterclaim sets forth the following single count:

COUNTERCLAIM COUNT I – BREACH OF CONTRACT

> 88. Counterclaimants incorporate by reference the previous allegations contained in their Counterclaim as if fully set forth herein.
>
> 89. The APA is a binding contract entered into by Counterclaimants and McCord.
>
> 90. Under the APA, McCord was required to provide notice of the Sale Motion to "all parties entitled to notice."
>
> 91. McCord breached the APA by, according to his Complaint, failing to provide notice to parties that were entitled to such notice.
>
> 92. Counterclaimants have been damaged as a direct and proximate result of McCord's breach.

Doc. No. 14 at ¶¶ 88-92.

**Applicable Law**

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." As a unit of the district court, which is a "court of the United States," a bankruptcy court has the authority to award sanctions under this statute. *See Matter of Cohoes Indus. Terminal, Inc.,* 931 F.2d 222, 230 (2d Cir. 1991). Accordingly, "[a] bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.*

"Unreasonably and vexatiously has been interpreted to mean that the offending conduct must have been *both* unreasonable *and* for an improper purpose." *In re Khan*, 488 B.R. 515, 529 (Bankr. E.D.N.Y. 2013) (Stong, B.J.) (citations omitted), *aff'd*, 2014 WL 1278131 (E.D.N.Y. Mar. 27, 2014) & 593 F. App'x 83, 85 (2d Cir. 2015). "One measure of whether sanctions are warranted is whether the claim at issue is colorable." *Id.* As this Court has observed, the Second Circuit requires a showing of bad faith, notwithstanding the plain language of 28 U.S.C. § 1927. *Id*. at 529-30. However, "[b]ad faith may be present where a party acted for 'improper purposes' … and may be inferred where the conduct at issue 'is completely without merit.'" *Id.* (citations omitted).

## Analysis

Sanctions should be imposed pursuant to 28 U.S.C. § 1927 for the filing, refusal to withdraw, and maintenance of MV Transportation's counterclaim. The allegations set forth in that counterclaim are facially deficient and not colorable, and the purpose of tendering such a counterclaim appears to be to sow discord between the Trustee and the primary creditor of the Estate in order to exact a favorable settlement of the adversary proceeding.

*The Counterclaim Does Not Satisfy Federal Rule 8*

Initially, the barebones nature of the counterclaim suggests that it was raised for an improper purpose. Rule 8 of the Federal Rules of Civil Procedure, made applicable in adversary proceedings by Fed. R. Bankr. P. 7008, requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard obligates the plaintiff to "provide

the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Here, MV Transportation's complaint provides no factual support to suggest that it might be entitled to relief for the alleged breach of contract by the Trustee. *See* Doc. No. 18 at 6-7 (noting conclusory nature of MV Transportation's claim). Charitably, MV Transportation urges that (1) the Trustee was required to provide notice to the United States, (2) the adversary complaint recites that the Trustee failed to provide such notice, and (3) that "[c]ounterclaimants have been damaged as a direct and proximate result of McCord's breach." Doc. No. 1 at ¶¶ 90-92. But MV Transportation does not provide any factual allegations to suggest how it was damaged by the Trustee's failure to serve the civil process clerk at the Office of the United States Attorney for the Eastern District of New York or the Attorney General of the United States at Washington, District of Columbia. *See* Doc. No. 1 at ¶ 61. It appears that MV Transportation's sole conceivable damages from such failure is that the Court might require it to pay the $1 million in liabilities that it assumed under the APA.[2]

Moreover, the barebones nature of this counterclaim makes it possible that MV Transportation's breach of contract claim will be dismissed without prejudice to repleading. In that instance, the Trustee again will have to seek dismissal of the counterclaim by motion, further multiplying proceedings.

---

[2] To the extent that MV Transportation suggests that the third alternative relief sought in the complaint might cost it more than $1 million, the plaintiffs have repeatedly made it clear to MV that it need only comply with the agreement it made in the first place – *i.e.*, the primary relief sought by the plaintiffs – and the alternative request for relief will be moot.

*MV Transportation's Breach of Contract Counterclaim is Plainly Meritless*

The plain language of the APA bars MV Transportation's breach of contract claim. MV Transportation contends that Section 6.4(a) of the APA expressly requires the Trustee to serve notice of the Sale Motion upon "all parties entitled to notice." Doc. No. 13 at ¶¶ 84 & 90. MV Transportation then urges that the Trustee "breached the APA by, according to his Complaint, failing to provide notice to parties that were entitled to such notice." *Id.* at 91. Of course, the United States has not taken the position that it did not receive *any* notice of the Rule 6004(c) sale; instead, the United States contends that the notice was not *proper*. *See* Doc. No. 1 at ¶ 61. That is, notice "was not served upon the United States in the manner required by Fed. R. Bankr. P. 7004(b)(4)." *Id.*

In any case, Section 9.18 of the APA expressly states that,

> The covenants to be performed hereunder by the Sellers [i.e., the Trustee] and the Buyer [i.e., MV Transportation] before the Closing, and the representations and warranties made by the Sellers and the Buyer herein, shall terminate as of the Closing, subject only to those provisions of this Agreement that expressly survive the Closing or any termination of this Agreement. The Buyer shall have no right to seek indemnification from the Sellers subsequent to the Closing based on a breach by the Sellers of a representation or warranty made by the Sellers herein, or based on a breach by the Sellers of any covenant to be performed hereunder by the Sellers before the Closing, except with respect to the Excluded Liabilities and except as set forth in Section 9.2(a) [remedies in the event of termination of the contract].

Doc. No. 17-2 at ¶ 9.18; *see also id.* (reserving Trustee's right to seek damages for breach of contractual provision related to Assumed Liabilities).

To be clear, the covenant to be performed by the Trustee under Section 6.4(a) – providing notice of the Rule 6004(c) sale – terminated when the closing occurred. MV Transportation, under the plain language of the APA, has no right to seek indemnification subsequent to the closing based on an alleged breach of that provision. Accordingly, MV Transportation cannot prevail in its counterclaim, and it is completely without merit, quite apart

9

from the absurd claim that being required to make a promised payment would constitute "damages."

## Conclusion

MV Transportation's counterclaim represents an unreasonable and vexatious attempt to multiply the proceedings in this case. The Trustee has been required to expend the resources of the Estate – that would otherwise go to the United States as the primary priority creditor of Debtors – to respond to this meritless lawsuit. MV Transportation's bad faith may be inferred here, where (1) the adversary counterclaim does not state a claim for relief; (2) the sole damages arising from the alleged breach would be MV Transportation honoring the Court-approved agreement it made with the Trustee; and (3) the APA itself bars such a breach of contract claim. And each dollar spent by the Trustee on attorney's fees to defend this frivolous counterclaim reduces the assets available to Debtors' creditors, particularly the United States.

Accordingly, the United States respectfully requests that the Court enter a monetary sanction pursuant to 28 U.S.C. § 1927 against defendants' counsel for all attorney's fees and costs expended by the Trustee in connection with defending itself against MV Transportation's counterclaim.

Respectfully Submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Trial Attorney, Tax Division,
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 305-7917 (phone)
(202) 514-5238 (fax)
Jordan.A.Konig@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice to all registered participants.

                                      */s/ Jordan A. Konig*
                                      JORDAN A. KONIG
                                      Trial Attorney
                                      United States Department of Justice, Tax Division